**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION**

| | |
|---|---|
| DIGITAL ALLY, INC., a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> UTILITY ASSOCIATES, INC., a Georgia company. <br><br> Defendant. | Case No. 13-cv-2550 SAC/KGS <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Digital Ally, Inc. ("Digital Ally"), by and through counsel, files this Complaint for Declaratory Judgment ("Complaint") against Defendant Utility Associates, Inc. ("Utility"). Digital Ally seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring United States Patent No. 6,831,556 ("the '556 Patent") to be not infringed and unenforceable due to equitable estoppel.  Plaintiff alleges as follows:

**PARTIES**

1. Plaintiff Digital Ally, Inc. ("Digital Ally"), is a Nevada corporation with its principal place of business located at 9705 Loiret Blvd., Lenexa, KS 66219.

2. Defendant Utility Associates, Inc. ("Utility"), is a Georgia company with its principal place of business located at 1484 Brockett Road, Tucker, GA 30084.  On information and belief, Utility conducts business in the State of Kansas and has availed itself of the benefits of doing business in the State of Kansas.

**BACKGROUND STATEMENT**

3. Digital Ally brings this declaratory judgment action to protect purchasers of Digital Ally's advanced digital video systems, including but not limited to the DVM-750, DVM-500Plus, and DVM-400. Digital Ally sells these and other advanced digital video systems to consumers, including law enforcement agencies, across the country. On or about October 14, 2013, Utility sent letters to at least two of Digital Ally's customers threatening that purchase or use of digital video surveillance systems not licensed under the '556 Patent would constitute patent infringement, and could subject those customers to injunctive relief and monetary damages. See Exhibit A, October 14, 2013 Ltr from Utility CEO, Robert McKeeman, to State of Nebraska Buyer, Julie Hopp; Exhibit B, October 18, 2013 Email attaching excerpt of identical letter sent to the State of New York.

4. The State of Nebraska has been a Digital Ally customer since April 2010. In that time, the State of Nebraska has deployed Digital Ally's DVM-750 advanced digital video systems with a wide variety of law enforcement agencies throughout the state. Similarly, the State of New York is a long time Digital Ally customer and, over the years, has deployed nearly every model in Digital Ally's Law Enforcement Solutions line of advanced digital video systems.

5. Upon receipt of Utility's threat letters, representatives from both the State of Nebraska and the State of New York contacted Digital Ally seeking information regarding Utility's threat of litigation. Through this declaratory judgment action, and through any other appropriate means, Digital Ally intends to remove the cloud of Utility's erroneous threats from the State of Nebraska, the State of New York, and its other current and prospective customers.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over Digital Ally's request for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., which are within the subject matter jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338(a).

7. Utility's threatening letters directed to Digital Ally's customers, which warn of possible injunctive relief as well as monetary damages for purchasing and using digital video systems that that are not licensed under the '556 Patent—such as Digital Ally's advanced digital video systems—give rise to an actual and justiciable controversy between Digital Ally and Utility.

8. Utility's threatening letters directed to Digital Ally's customers threaten actual and imminent injury to Digital Ally that can be redressed by judicial relief, and that injury is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Absent a declaration of non-infringement and/or unenforceability, Utility's continued threats will cause Digital Ally harm.

9. Venue is proper in this Court under 28 U.S.C. § 1391 because Digital Ally's principal place of business and a substantial part of the events giving rise to this action occurred in this judicial district.

10. Utility is subject to personal jurisdiction in this jurisdiction based at least on the business it conducts in the State of Kansas. For example, Utility has a Sales Representative specifically designated as covering the State of Kansas. See Exhibit C, Utility Sales Team Website. Additionally, Utility has conducted business directly with Digital Ally within this

judicial district at Digital Ally's office in Johnson County, Kansas. Specifically, Utility representatives have traveled to Kansas and met in-person with Digital Ally in Overland Park, Kansas, to discuss Utility's technology and possible joint business ventures. As part of these in-person meetings, Utility demonstrated its products physically within the state of Kansas and within Johnson County.

## FACTUAL BACKGROUND

11. Digital Ally produces digital video imaging and storage products for use in law enforcement, security and commercial applications. Digital Ally's current products are a low cost, easy-to-install, digital video system designed for law enforcement vehicles and commercial fleets, such as ambulances and taxis.

12. Utility purports to be the owner of the '556 Patent. The '556 Patent is entitled "Composite Mobile Digital Information System" and issued on December 14, 2004. A copy of the '556 Patent is attached as Exhibit "D."

13. Since its issuance, the '556 Patent has been the subject of thirteen (13) assignments, eventually, and allegedly, resting with Defendant Utility on June 4, 2013. A copy of the assignment records available at the USPTO's website is attached as Exhibit "E."

14. Digital Ally has been selling advanced digital video systems since on or around March 27, 2006, that use similar technology to that which exists in the current digital video systems subject to Utility's threat letters. Given the similarities between Digital Ally's early systems and its current systems, and because Digital Ally's advanced digital video systems are prominent in the marketplace, Utility and its predecessors-in-interest knew or should have known of any alleged infringement as of March 27, 2006. Utility and its predecessors-in-interest, however, delayed and remained silent regarding Digital Ally's alleged infringement until the

threat letters were sent to Digital Ally's customers.  As a result of this unexcused delay and omissions, Digital Ally has invested substantial resources into manufacturing and promoting the current technology resident in its advanced digital video systems.  Such resources could have been dedicated to re-designing, as necessary, around the technology claimed in the '556 patent.

15. Additionally, Utility's predecessor-in-interest misled Digital Ally into believing that the '556 Patent would not be asserted against Digital Ally or its customers for the use of Digital Ally's advanced digital video systems. Specifically, Digital Ally has previously met with Utility's predecessor-in-interest to discuss Digital Ally's technology and possible joint ventures and/or acquisitions. These interactions occurred when Utility's predecessor-in-interest owned the '556 Patent and, on information and belief, knew or should have known of any alleged infringement by Digital Ally's products.  Based on a failure to mention possible infringement of the '556 Patent after learning the details of Digital Ally's technology, Digital Ally reasonably believed that the '556 Patent would not be asserted against its products and continued to manufacture and promote these products through its nationwide sales and distribution channels.

**COUNT 1**
**Declaratory Judgment of Non-infringement of the '556 Patent**

16. Digital Ally incorporates the foregoing paragraphs by reference as though set forth fully herein.

17. No claim of the '556 Patent has been or is infringed, either directly or indirectly, by Digital Ally or the purchasers of Digital Ally's products through their use of Digital Ally's products.

18. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between Digital Ally and Utility to

warrant the issuance of a declaratory judgment that Digital Ally has not infringed, and does not infringe, directly or indirectly, any claim of the '556 Patent.

## COUNT 2
**Declaratory Judgment of Unenforceability of the '556 Patent Due to Equitable Estoppel**

19. Digital Ally incorporates the foregoing paragraphs by reference as though set forth fully herein.

20. Through its dealings with Digital Ally as outlined in the foregoing paragraphs, Utility's predecessor-in-interest led Digital Ally to believe that it did not intend to enforce the '556 Patent against Digital Ally. Relying on this conduct, Digital Ally continued to manufacture and sell the products that form the basis of Utility's letters threatening patent infringement action against Digital Ally and/or its customers. Absent the misleading conduct of Utility's predecessor-in-interest, Digital Ally could have made design changes in order to design-around the '556 Patent's claimed technology. But because Digital Ally was led to believe the '556 Patent would not be enforced against its products, Digital Ally invested substantial time and effort into manufacturing the products at issue and engaged in a nationwide sales effort to place these products in the hands of its customers.

21. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between Digital Ally and Utility to warrant the issuance of a declaratory judgment that the '556 Patent is unenforceable against Digital Ally pursuant to the doctrine of equitable estoppel.

## PRAYER FOR RELIEF

WHEREFORE, Digital Ally prays for:

a) A declaration that Digital Ally and the purchasers of Digital Ally's products have not and are not infringing, either directly or indirectly, any claim of the '556 Patent.

b) A declaration that the '556 Patent is unenforceable against Digital Ally and the purchasers of Digital Ally's products pursuant to the doctrine of equitable estoppel.

c) An order that Utility and each of its officers, employees, agents, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further claiming that the '556 Patent is infringed or from representing that Digital Ally's products or their use by the purchasers of those products infringe the '556 Patent;

d) Such other relief as this Court or a jury may deem proper and just under the circumstances.

## JURY DEMAND

Digital Ally demands a trial by jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Digital Ally hereby designates Kansas City, Kansas as place of trial pursuant to Local Rule 40.2.

Dated:  October 25, 2013

Respectfully submitted,

   /s/   *Adam P. Seitz*
Adam P. Seitz, Kansas Bar # 21059
Eric A. Buresh, Kansas Bar # 19895
Paul R. Hart (*pro hac vice* to be filed)
Erise IP, P.A.
6201 College Blvd., Suite 300
Overland Park, Kansas 66211
Telephone: (913) 777-5600
adam.seitz@eriseIP.com
eric.buresh@eriseIP.com
paul.hart@eriseIP.com

*Counsel for Plaintiff Digital Ally, Inc.*