IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

DIGITAL ALLY, INC.,
a Nevada corporation

        Plaintiff,

Vs.                                      No. 13-2550-SAC

UTILITY ASSOCIATES, INC.,
a Georgia company

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the unopposed motion for leave to file under seal pursuant to D. Kan. Rule 5.4.6 that was submitted by the plaintiff Digital Ally, Inc. ("Digital Ally") (Dk. 13). The documents attached to this motion include Digital Ally's response to Utility Associates, Inc.'s (Utility Associates") motion to dismiss; the affidavit of Digital Ally's Chief Financial Officer, Thomas Heckman, which identifies over 50 pages of attached documents; the affidavit of a Township Police Captain with an attached letter; and the order proposed for granting the motion to seal. Utility Associates sought and received leave to file under seal some exhibits in support of its motion to dismiss, but its motion was not filed under seal.

This court has discussed the law relevant to sealing judicial records and filings:

The sealing of judicial records is committed to the district court's sound discretion exercised in consideration of the following:
> Courts have long recognized a common-law right of access to judicial records. *Nixon [v. Warner Communications, Inc.]*, 435 U.S. 589] at 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 [(1978)]; *Lanphere & Urbaniak v. Colorado*, 21 F.3d 1508, 1511 (10th Cir.1994). This right, however, is not absolute. The "presumption of access … can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." Id.

*Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007), *cert. denied*, 552 U.S. 1098, 128 S.Ct. 897, 169 L.Ed.2d 728 (2008). This common-law right "derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest." *Carefusion 213, LLC, v. Professional Disposables, Inc.*, 2010 WL 2653643 (D. Kan. June 29, 2010) (citations and internal quotation marks deleted). The court looks to the relevant circumstances in deciding whether the parties' asserted interests are significant and outweigh the public's presumed right of access. That a party's request to seal "is unopposed or that it refers to material protected from disclosure by a protective order is not, in itself, sufficient basis for this Court to seal." *Carefusion 213, LLC, v. Professional Disposables, Inc.*, 2010 WL 2653643 at *1 (D. Kan. June 29, 2010); see *Helm v. Kansas*, 656 F.3d 1277, 1292–93 (10th Cir.2011). The moving party still "must establish a harm sufficient to overcome the public's right of access to judicial records." *Garcia v. Tyson Foods, Inc.*, 2010 WL 3584462, at *1 (D. Kan. Sept.13, 2010). "Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Id*. (citation and internal quotation marks omitted). Specifically, the party "must come forward with evidence as to the nature of the public or private harm that would result if it were so filed." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 101858, at *5 (D.Kan.2007). "[A] moving party must submit particular and specific facts, and not merely 'stereotyped and conclusory statements.' *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)." *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 667 (D.Kan.2008).

*Stormont-Vail Healthcare, Inc. v. BioMedix Vascular Solutions*, 2012 WL 884926 at *1 (D. Kan. 2012). The plaintiff's motion for leave here fails to meet the above standards. The other side's favorable disposition to sealing is not a sufficient basis for granting leave to seal a filing. Nor is it enough to tender the conclusory statement that the information includes "confidential and sensitive . . . business information." (Dk. 13, p. 1).

Nonetheless, in keeping with the court's prior order by text entry on February 7, 2014, which granted Utility Associates' motion for leave to file under seal the supporting affidavit of Jason Blair and attached exhibits, the court will allow Digital Ally to file exhibits two and three under seal for now but subject to possible review at a later time. The court also will allow Digital Ally to file its memorandum, exhibit one, under seal. Because much of this memorandum does not address any matters that are arguably subject to sealing, Digital Ally will be required to file for public viewing a separate memorandum with redactions of that information which it can reasonably defend as covered by the above standards. All future requests for sealing filings in this case will be subject to the above requirements.

IT IS THEREFORE ORDERED that the plaintiff's motion for leave to file under seal (Dk. 13) is granted in part and denied in part.

Dated this 18th day of February, 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge